**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SAI EMMANUEL SODJAH,

*Petitioner*,

v. No. 1:26-cv-02378-SMD-SCY

WARDEN OF THE CIBOLA COUNTY CORRECTIONAL INSTITUTION, *et al.*,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Ghana, entered the United States on an F-1 visa as an international student on July 31, 2023, and attended Minnesota State University, Mankato. He reduced his courseload in August 2024 due to encountering personal and academic difficulties. His SEVIS record was terminated on October 3, 2025, due to issues related to the reduced courseload. Petitioner states that he did not "abscond, conceal his whereabouts, or attempt to evade immigration authorities"; he "remained at his established residence, continued to be readily reachable, and maintained communication with his Designated School Official" regarding his immigration status. Petitioner asserts that he "intended to pursue reinstatement and continue his education once his status issues were resolved." Doc. 1 at 14-15.

On January 12, 2026, he was detained by officers of Immigration and Customs Enforcement ("ICE"). On January 24, 2026, Petitioner was served a Notice to Appear. Minnesota State University issued Petitioner an updated I-20 on January 30, 2026, stating that "he fell out of F-1 status unintentionally due to failure to enroll for the fall 2025 term and was working with an immigration attorney to regain his F-1 status." Petitioner applied for asylum in April 2026, which was denied on June 15, 2026, due to Petitioner "being out of status, for three months, instead of analyzing [Petitioner's] eligibility for the asylum." *Id.* at 15.

Petitioner was denied bond on May 26, 2026. The immigration judge's denial was based on a charge for possession of marijuana, "lack of US ties, and lack of sponsor's financial verification." Doc. 1-1 at 36. Petitioner states he has no history of violent conduct or offenses and has never evaded authorities. Doc. 1 at 15. He was fined for possession of marijuana on June 21, 2025, in Mayes County, Oklahoma, and given a warning for speeding. *Id.* at 16; *see* Doc. 1-1 at 34-35. Petitioner states that he had approximately three grams of marijuana, which was legal in Minnesota but illegal in Oklahoma. *Id.*; *see* Doc. 1-1 at 13.

An immigration judge ordered removal on June 15, 2026; Petitioner timely filed an appeal on June 30, 2026, which remains pending.[1] Petitioner challenges his detention under the Due Process Clause of the Fifth Amendment. Doc. 1 at 20-22. Respondents do not contest any of Petitioner's factual representations. *See* Doc. 7.

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant

[1] Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 30, 2026, using Petitioner's A-number and nationality).

a writ of habeas corpus to a petitioner who demonstrates that they are in "custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. The Court Has Subject Matter Jurisdiction

The Court has subject matter jurisdiction to review Petitioner's claims. *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction). Petitioner challenges his continued detention as a violation of the Due Process Clause. That constitutional claim differs from a challenge to a removal determination or bond eligibility. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (citing *Demore*, 538 U.S. at 517). As one court explained, "[w]here a petitioner 'does not challenge any final order of removal, but challenges his detention prior to the issuance of any such order' the jurisdiction-stripping provisions do not apply." *Noori v. LaRose*, No. 25-cv-01824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) (quoting *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008)). The Court finds that reasoning persuasive.

Additionally, the administrative exhaustion requirement is prudential and may be waived. Here, the Court finds that balancing of the interests of the individual in retaining prompt access to a judicial forum against the countervailing institutional interests favors waiver of the exhaustion requirement. *See Jimenez Chacon v. Lyons*, 811 F. Supp. 3d 1299, 1312 (D.N.M. 2025) (finding significant individual liberty interests at stake favoring immediate judicial review and "judicial efficiency concerns are less relevant here because the factual context is not particularly complex or technical").

I. Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies

primarily to [noncitizens] seeking entry into the United States"—*i.e.*, "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

The Tenth Circuit affirmed the Court's understanding of §§ 1225 and 1226 in *Santillan Quiroz v. Mullin*, 180 F. 4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

Because it is undisputed that Petitioner entered the United States in July 2023 and was arrested in the interior of the country, § 1226 governs Petitioner's detention.

II. The Government's Ongoing Detention Violates Petitioner's Fifth Amendment Rights

The Court finds that ongoing detention violates Petitioner's Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690.

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santillan Quiroz*, 180 F.4th at 1249 (citation omitted). Petitioner's time within the country creates a constitutionally protected interest that cannot be revoked without providing due process of law.

The Government's response does not contest any of the assertions in the Petition and does not set forth any criminal history nor any failure to comply with any applicable conditions of supervision or release. *See* Doc. 7. Regarding Petitioner's fine for possession of marijuana, the Government does not argue that Petitioner is a danger or a flight risk. *See Tapia v. Arteta*, No. 26-cv-02527 (VSB), 2026 WL 1863849, at *5 (S.D.N.Y. June 29, 2026) ("The two convictions for possession of a small amount of marijuana are misdemeanor charges that Petitioner pled guilty to two years ago and paid a fine for. Neither of those misdemeanor charges are violent, and Petitioner has lived a law-abiding life for the last two years. Significantly, the Government does not argue that Petitioner is a danger to the community or a flight risk.").

That Petitioner has already been provided a bond hearing more than five months ago does not change the analysis. *See Singh v. Noem*, 824 F. Supp. 3d 1197, 1215 (D.N.M. 2026) ("Petitioner's release is not warranted simply because he received a negative determination at his bond hearing; rather, release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated."); *see also Pereira v. Ortiz*, No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *1 (D.N.M. July 22, 2026) (granting release after petitioner, who overstayed an F-1 student visa, was granted two bond hearings and remained detained for five months thereafter); *Sahil v. Mullin*, No. CIV-26-761-SLP, 2026 WL 1383591, at *5 (W.D. Okla. May 18, 2026) (collecting cases and noting that "Petitioner's continuing due process violation requires his immediate release subject to the same conditions of his earlier release. This view is shared by numerous courts across the country, including courts in this Circuit").

The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence [the alien's] constitutional status changes accordingly."). The Government contests none of the facts in the Petition. Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Ramirez v. Noem*, 829 F. Supp. 3d 949 (D.N.M. 2026); *Pereira v. Ortiz*, 2026 WL 2110814, at *2 (granting release where petitioner was in custody for 12 months, had an ongoing appeal, and respondents failed to articulate a legitimate interest in continued detention).

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner no later than November 3, 2026, without any additional conditions or restraints beyond those that existed before Petitioner's detainment;
3) Respondents **SHALL** provide Petitioner with all personal belongings, facilitate Petitioner's transportation from the detention facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;
4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;
5) Respondents **SHALL NOT** re-detain Petitioner without adequate notice and a pre-deprivation hearing before a neutral immigration judge, at which the Government must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk;
6) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;
7) Petitioner's Motion to Expedite (Doc. 9) is **DENIED** as moot;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**